[No. 31761.   Department Two.   February 28, 1952.]

THE STATE OF WASHINGTON, *Respondent*, v. ALLAN C. FINLEY, *Appellant*.[1]

*Danz & Brain*, for appellant.

*Charles O. Carroll* and *John L. Vogel*, for respondent.

PER CURIAM.—Appellant was found guilty by a jury, and sentenced to the penitentiary for the crime of assault in the first degree.

Before his trial, he had the advice and assistance of two attorneys other than those who presented this appeal.  He was advised to enter a plea of not guilty by reason of insanity, but he refused to enter this plea.  He did not allow counsel to appear for him at the trial, and he conducted his own defense.

The motion involved in this appeal is to vacate the judgment and sentence, and is rested upon the ground that the appellant was not sane at the time of his trial.

Appellant did not make this motion himself, and did not request counsel who appeared here for him to do so or to act in his behalf.  In fact, they very frankly stated to this court during oral argument that appellant objected to their ap-

[1]Reported in 241 P. (2d) 442.

pearance for him. He also objected to their appointment for him for the purpose of this motion, and he does not urge this appeal. (In fairness to counsel, it should be stated that they appeared in good faith pursuant to an appointment by one of the judges of the superior court for King county other than the one who heard the motion to vacate. No inference is intended, and none should be drawn, that they are volunteers or that there is any impropriety in their practice in this regard.)

After a full hearing on the motion, the trial court entered an order denying it.

Appellant insisted throughout his trial, and now insists, that he is not insane. He has never been adjudged insane and is, of course, presumed to be sane. No guardian of his person or property has ever been appointed.

█ On these facts, we cannot consider this appeal. We know of no way, and counsel have not shown any, in which a sane man can be compelled to move to vacate a judgment against him, nor can counsel appointed by the court, over his protest, make that motion for him against his will. Counsel can only appear in a representative capacity on behalf of a client at his request, and the client himself must urge the proceeding. In the case at bar, these essentials are absent.

The appeal must be, and is, dismissed.